JOHN J. RICE (Bar No. 140865)
ricej@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone:  (619) 236-1551
Facsimile:  (619) 696-1410

Attorneys for WILLIAM MICHAEL HYDE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 3:24-cr-00276-BAS |
|---|---|
| Plaintiff, | **MOTION FOR SUBSTITUTION OF COUNSEL AND MOTION TO CONTINUE TRIAL AND MOTIONS DATES** |
| v. | |
| WILLIAM MICHAEL HYDE, | Assigned To: |
| Defendant. | Judge: Hon. Hon. Cynthia Bashant<br>Dept.: 12B |
| | Trial Date:   October 1, 2024 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Attorneys John J. Rice and Vikas Bajaj, respectfully move the Court to continue the trial date in the above-captioned case from October 1, 2024, to a date convenient to the Court and counsel, with a new pretrial motions deadline set accordingly. Counsel believes under 18 U.S.C. § 3161(h) (7), the Court will find a continuance outweighs the best interests of the public and the defendant in a speedy trial.

///

///

///

1) Mr. Hyde is charged by Indictment with One Count of making an interstate threatening communication, in violation of 18 U.S.C. § 875 (c).

2) Mr. Hyde was arraigned on the Indictment on February 23, 2024, less than seven months ago. The case is currently scheduled for hearing on motions in limine on September 23, 2024 and for trial on October 1, 2024.

3) Undersigned counsel first met with Mr. Hyde two days ago on September 11, 2024. Mr. Hyde signed a retainer agreement with the undersigned today - September 13, 2024.

4) Mr. Hyde explained that he was seeking new counsel due to a complete breakdown in the attorney-client relationship with current counsel and ongoing disagreements about strategy related to pretrial motions and litigation strategy. Undersigned counsel has had an opportunity review the docket and the underlying charge in this matter and believes that additional motions need to be filed to ensure that Mr. Hyde's Constitutional rights are preserved and to ensure a fair trial and the avoidance of ineffective assistance of counsel.

4) Undersigned counsel will require additional time beyond the current trial date of October 1, 2024, to review the discovery and conduct legal research and prepare and file any additional pretrial motions, as well as prepare for trial.

5) This motion is not being made for the purpose of undue delay as Mr. Hyde is anxious to present this case before a jury of his peers and return his attention full-time to his family and business. As noted, this case has been pending for less than seven months and Mr. Hyde is not seeking an unreasonable delay, but solely adequate time for his new counsel to properly prepare his defense. Additionally, since the case is estimated to last less than a week, the effect of a change on the calendars of the Court and Government counsel will be much less impactful than that required for the rescheduling of a multi-week trial.

///

///

For these reasons, the defense requests that the Court find:

(a) taking into account the exercise of due diligence by Mr. Hyde and his counsel and the breakdown in the relationship with current counsel, a failure to grant a continuance would deny new counsel for the defendant the reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv); and

(b) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and

(c) the additional time requested is a reasonable period of delay, and is requesting only as much time as needed for counsel to diligently prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses; and

(d) the defense has only recently received discovery obtained by subpoena and the Government has recently produced discovery related to the alleged victim that will require additional time to review and conduct follow-up investigation. The case is unusual and raises Constitutional freedom of speech issues such that it is unreasonable to expect adequate preparation by new counsel for pretrial proceedings or the trial itself within the current trial schedule, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii); and

(e) the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(f) the additional time requested is necessary to provide counsel for the defendant reasonable time to prepare for trial considering the need for substitute counsel and all of the facts set forth above.

///

///

1  Therefore, the defense respectfully requests the court to find the need for a
2  continuance of the currently set motions and trial date outweighs the best interests
3  of the public and the defendant in a speedy trial.
4  The defense further asks the Court to exclude the time period from the date of
5  the Court's order to the new trial date for purposes of computing the time limitations
6  imposed by the Speedy Trial Act.

Dated: September 13, 2024        **HIGGS FLETCHER & MACK LLP**

By: _____
JOHN J. RICE, ESQ.
VIKAS BAJAJ, ESQ,
Attorneys for WILLIAM MICHAEL HYDE