TARA K. MCGRATH
United States Attorney
C. SETH ASKINS
California Bar No. 235190
Assistant United States Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6692
Email: seth.askins@usdoj.gov
TANYA SENANAYAKE
D.C. Bar No. 1006218
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, Suite 7600
Washington, DC 20530
Telephone: (202) 514-0849
Email: tanya.senanayake3@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MICHAEL HYDE,<br><br>Defendant. | Case No.: 24-cr-00276-BAS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE***<br><br>Date: September 23, 2024<br>Time: 11:00 a.m.<br>Courtroom: 12B<br>Judge: The Hon. Cynthia A. Bashant |

The UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Tara K. McGrath, Assistant U.S. Attorney C. Seth Askins, and U.S. Department of Justice Trial Attorney Tanya Senanayake, hereby files its Response in Opposition to Defendant's Motions *in Limine*, ECF Nos. 41, 42, 43, 44, 45.

# I

# STATEMENT OF THE CASE

The procedural history of the case is set forth in the United States' previously filed Motions *in Limine*. [ECF No. 46 at 2-3.] The United States incorporates that statement of facts herein and provides the additional information below.

On September 6, 2024, Defendant filed a Motion to Issue Subpoenas to Appear at Trial to agents with the Federal Bureau of Investigation, which the Court granted that day. [ECF Nos. 38 and 39.] On September 8, 2024, the United States provided notice of its intent to use expert witness testimony during its case-in-chief and/or rebuttal. [ECF No. 40.]

On September 9, 2024, the United States filed the following motions *in limine*: (1) to exclude evidence of threats to VICTIM-1 by individuals other than Defendant; (2) to exclude emails by VICTIM-1 to prosecutors that post-date the charged conduct as substantive evidence; (3) to preclude evidence and arguments intended to elicit jury nullification; (4) to preclude evidence or arguments that Defendant did not intend to carry out the threat; (5) to exclude evidence of Defendant's good conduct and character; (6) to preclude reference to the United States' failure to call equally available witnesses; (7) to preclude reference to Defendant's health, age, finances, education, and potential punishment; (8) to admit certified, self-authenticating records;[1] (9) to preclude Defendant from eliciting self-serving hearsay; (10) to preclude Defendant's evidence not previously produced and expert testimony not previously noticed; and (11) to exclude witnesses during trial except the United States' case agents. [ECF No. 46.]

On September 9, 2024, Defendant filed five motions *in limine*, to which the United States now responds: (1) Motion to Exclude Evidence of Domestic Violence Report [ECF No. 41]; (2) Motion to Exclude Evidence of Ownership or Possession of Firearms [ECF No. 42]; (3) Motion to Exclude Testimony Intended to Urge the Jury to Send a Message to

---

[1] On September 9, 2024, the United States separately filed a Notice of Intent to Admit Business Records Pursuant to Fed. R. Evid. 902(11) and 803(6). [ECF No. 47.]

the Community regarding Political Violence or Other Societal Objectives [ECF No. 43]; (4) Motion to Exclude Evidence of Threats Other Than Those Alleged Against VICTIM-1 [ECF No. 44]; and (5) Motion to Exclude Confidential Attorney-Client Communications with Attorney Michael Cody [ECF No. 45].

On September 13, 2024, Defendant filed a motion to substitute counsel and to continue trial and motions dates. [ECF No. 48.] Immediately afterward, the United States contacted the Court to request a hearing on the matter.

## II
## FACTUAL SUMMARY

The United States previously provided the Court with a full statement of facts as part of its Motions *in Limine*. [ECF No. 46 at 3-6.] The United States incorporates that statement of facts herein.

## III
## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*

At the outset, the United States notes that Defendant erroneously described the United States' burden of proof for Section 875(c) prosecutions in four of his five motions *in limine*. [*See, e.g.*, ECF No. 41 at 3; ECF No. 42 at 3; ECF No. 43 at 2-3; ECF No. 44 at 3.] The United States intends to present in its trial brief and proposed jury instructions the elements that it must prove beyond a reasonable doubt for a conviction under Section 875(c).

The United States responds to Defendant's motions *in limine* individually below and requests that the Court deny Defendant's motions except where unopposed.

A. **Response to Defendant's Motion to Exclude Defendant's Domestic Violence Report**

Defendant moves to exclude evidence, argument, and/or testimony regarding Defendant's April 8, 2022, Bethel Park Police Department domestic violence incident

report, including the facts stated therein, during the trial. [ECF No. 41 at 1.] In his motion *in limine*, Defendant describes the domestic violence report as follows:

> "Over six months prior to the conduct at issue in this case, a former girlfriend of Mr. Hyde's filed a report with the Bethel Park Police Department in Bethel Park, Pennsylvania, alleging that in San Diego, two months earlier, Mr. Hyde had grabbed her forcibly by the arm and then by the head, forcing [sic] over the arm of a chair. As the alleged crime did not take place in Bethel Park, the incident was referred to the San Diego Police Department and no further action was taken.

[ECF No. 41 at 2.]

The United States does not oppose the motion with respect to its case-in-chief.[2] However, the United States opposes the motion to the extent that the defense presents any evidence or testimony as to Defendant's tendencies as to law-abidingness, peacefulness, or nonviolence, or otherwise opens the door to the use of the domestic violence report or the facts stated therein, or in the event that the defense presents a witness – including Defendant – for whom the domestic violence report may be used for impeachment purposes.

Defendant has stated his intent to call multiple character witnesses who are expected to testify to Defendant's "peacefulness" and "veracity."[3] The United States has moved to exclude all reputation or opinion testimony, including as to Defendant's reputation or the witness' opinion of Defendant's peacefulness, on the basis that such testimony is

---

[2] The United States' non-opposition to Defendant's motion presumes that its own motion *in limine* to preclude evidence or argument that Defendant did not intend to carry out his threat will be granted, as it is well-established that such evidence is irrelevant in a prosecution under Section 875(c). *See* ECF No. 46 at 12-13. However, if the United States' motion *in limine* is denied and such evidence or argument is presented to the jury, the domestic violence report against Defendant would become highly probative and relevant, and the United States may seek its admission into evidence in a rebuttal case.

[3] The United States is not speculating that Defendant may seek to offer evidence of peacefulness – he explicitly stated his intent to do so in seeking a prior continuance of the trial from its originally scheduled date of September 10, 2024. *See* ECF No. 31 at 4 ("In the meantime, Defendant has identified three character witnesses to attest to his veracity and peacefulness.") (emphasis added).

completely irrelevant to the charged offense. [ECF No. 46 at 13-15.] In making this argument, the United States respectfully submitted that the only permissible character evidence that Defendant should be allowed to present at trial is testimony as to Defendant's reputation for (or the witness' opinion of Defendant's) law abidingness and – only if Defendant testifies – his honesty (or the witness' opinion regarding same). [ECF No. 46 at 14.] The United States requested that the Court exclude specific instances of Defendant's law abidingness and/or honesty. *Id.*; *see* Fed. R. Evid. 405(a); *United States v. Hedgecorth*, 873 F.2d 1307 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible"); *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation).

If Defendant presents reputation or opinion testimony as to Defendant's law-abidingness or (over the United States' objection) peacefulness, or if Defendant testifies falsely or otherwise opens the door, the United States is entitled to use the domestic violence report for cross-examination, impeachment, and in its rebuttal case. *See* Fed. R. Evid. 404(a)(2)(A) ("[A] defendant may offer evidence of a defendant's pertinent trait, and . . . the prosecutor may offer evidence to rebut it."); *United States v. Falsia*, 724 F.2d 1339, 1342 (9th Cir. 1983) (noting that, "where the defendant opens the door to an argument, it is 'fair advocacy' for the prosecution to enter") (citations omitted); *United States v. Ross*, 149 Fed. Appx. 670, 673 (9th Cir. 2005) (defense's cross-examination of an FBI agent that suggested that the agent had a nefarious reason for denying to give a polygraph test to defendant opened the door to evidence that defendant had invoked her rights to counsel and to remain silent); *Shuler v. Sec'y, Fla. Dep't of Corr.*, 610 F. App'x 856, 858 (11th Cir. 2015) (finding that, by calling witness, party opened door to evidence on collateral criminal conduct revealed through cross-examination on credibility of witness).

/ /

/ /

### B. Response to Defendant's Motion to Exclude Evidence as to Defendant's Ownership or Possession of Firearms

In his motion, Defendant seeks to exclude evidence, argument, and/or testimony at trial regarding Defendant's ownership or possession of firearms or ammunition, including, but not limited to, the following firearms:

1) Semi-Automatic P226 MK25,
2) Semi-Automatic M4,
3) Single Shot Athena Pistol,
4) Semi-Automatic M&P9 Shield, and
5) Semi-Automatic LMR.

[ECF No. 42 at 1.]

The United States does not oppose the motion for purposes of its case in chief. However, should it become appropriate, the United States expressly reserves its right to use evidence, argument, and/or testimony as to Defendant's ownership or possession of firearms or ammunition for purposes of impeachment of a witness for the defense. The United States also will seek permission of the Court to use the same as rebuttal evidence should the defense in some way open the door to this topic.

### C. Response to Defendant's Motion to Exclude Evidence Intended to Urge the Jury to Send a Message to the Community Regarding Political Violence or Other Societal Objectives

Defendant seeks to exclude "evidence, argument, and/or testimony offered for the purpose of urging the jury to find Defendant Hyde guilty to send a message to the community regarding political violence, election interference, or other larger societal objectives." [ECF No. 43 at 1.] The United States does not oppose the motion to the limited extent that Defendant seeks to exclude evidence, argument, or testimony specifically seeking conviction of Defendant on the basis of sending a message to the community with regard to any societal objective, and which would be separate from considerations of Defendant's guilt.

However, to the extent that Defendant's motion seeks to exclude evidence or argument relevant to Defendant's guilt, the United States opposes the motion. The United States reserves its ability to present evidence, argument, and testimony as to Defendant's subjective intent and motivation in targeting VICTIM-1 with his threat, including that Defendant targeted VICTIM-1 because VICTIM-1 was an election official in Arizona. For instance, when being interviewed by law enforcement about his threat to VICTIM-1, Defendant said he did not remember exactly when he made the threatening call, but it was probably around the "audits," or "something to do with election then audits." [ECF No. 46, at 5.] Defendant said he was frustrated by what was happening with the elections in Arizona. [*Id*.] When asked about VICTIM-1 specifically, Defendant said he believed VICTIM-1 was in charge of election audits in Arizona. [*Id*.] The United States also may present evidence, testimony, and argument about VICTIM-1's position as a public official administering elections; facts surrounding VICTIM-1's receipt of the threat; and other evidence relevant to the United States' burden of proof for a conviction under Section 875(c). The United States does not understand these topics to be encompassed by Defendant's motion to exclude evidence or argument for conviction based on societal objectives.

**D.    Response to Defendant's Motion to Exclude All References to Any Evidence of Threats Made by Defendant Other Than Those Against VICTIM-1**

Defendant seeks to exclude evidence, argument, and/or testimony regarding or referring to the following topics during the trial:

(1)    Any alleged instances of threats made by Defendant to Maricopa County Supervisor Gates or Supervisor Gates's office;

(2)    Any alleged instances of threatening voicemails left by Defendant with Maricopa County Supervisor Gates or Supervisor Gates's office;

(3)    Any statements regarding the prosecution's alleged inability to play the voicemails for the jury because the office's voicemail box does not save voicemails long term; and

(4) Any threats allegedly made by Defendant that the Government did not previously produce in discovery pursuant to this Court's prior order on June 10, 2024.

[ECF No. 44 at 1-2.]

The United States does not oppose the motion for purposes of its case-in-chief. However, the United States requests that it be permitted to introduce any evidence, testimony, or argument as to Defendant's statements and threats to Supervisor Bill Gates or others that the United States has produced to the defense in discovery to date, for purposes of impeachment of any witness for the defense, or for rebuttal evidence should the defense open the door to these topics.

E. **Response to Defendant's Motion to Exclude Attorney-Client Communications**

Defendant seeks to exclude evidence, argument, and/or testimony regarding or referring to privileged communications between Defendant and Attorney Michael Cody. [ECF No. 45 at 1.] The United States does not oppose Defendant's motion.

## IV
## CONCLUSION

For the foregoing reasons, the United States requests the Court deny Defendant's motions *in limine* except where unopposed.

DATED: September 16, 2024

Respectfully submitted,

TARA K. MCGRATH
United States Attorney

*/s/ Seth Askins*
C. SETH ASKINS
Assistant U.S. Attorney

*/s/ Tanya Senanayake*
TANYA SENANAYAKE
Trial Attorney
National Security Division
U.S. Department of Justice